UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BREWER,<br><br>    Petitioner,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS<br>BOARD OF PRISON TERMS,<br><br>    Respondents.<br>                                     / | No. C 06-387 SI (pr)<br><br>**ORDER OF DISMISSAL** |

    Kevin Brewer, an inmate currently at the Alameda County Jail, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that the district court erred in dismissing an earlier civil rights complaint he filed. He also has applied to proceed in forma pauperis.

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Brewer alleges in his habeas petition that this court wrongly denied an earlier civil rights action he filed. He apparently is referring to Brewer v. Board of Prison Terms, No. C 05-176 SI, which was filed in January 2005 and dismissed in April 2005. The proper method for Brewer to have challenged the order of dismissal and entry of judgment in that action was in an appeal to the U.S. Court of Appeals for the Ninth Circuit, not by filing another action in the district court. The correctness of the decision in a civil rights action cannot be challenged by way of a habeas petition, which is what Brewer is attempting to do. This court does not have jurisdiction to entertain his habeas petition that asserts that a civil rights action was wrongly dismissed because Brewer is not in custody pursuant to the dismissal of that action. See 28 U.S.C. § 2254(a). He may be in custody due to a parole revocation or due to a new criminal charge, but most certainly is not in custody due to the dismissal of a civil rights action.

The court will not construe the habeas petition to be a challenge to the parole revocation decision that was the subject of Case No. C 05-176 SI because it is too late for such a petition. Brewer was in the county jail when he filed Case No. C 05-176 SI, filed a change-of-address notice in that case when he was released from custody, and filed the present habeas petition when he was once again in the county jail. This activity indicates that Brewer completed the parole violation sentence that was the basis for Case No. C 05-176 SI. A habeas challenge to a parole violation sentence that has been fully served would be moot. See Spencer v. Kemna, 523 U.S. 1, 13 (1998).

For the foregoing reasons, this action is DISMISSED.

Brewer's in forma pauperis application is DENIED because he has sufficient funds available to pay the filing fee. Brewer must pay the $5.00 filing fee no later than **June 2, 2006**. The clerk shall close the file.

IT IS SO ORDERED.

DATED: 4/28/04

　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　United States District Judge